# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AURELIANO TORRES,

        Plaintiff,

    v.

NATION ONE LANDSCAPING, INC.,

        Defendant.

No. 12 CV 9723

Judge Manish S. Shah

## ORDER

Plaintiff's motion to authorize notice pursuant to 29 U.S.C. § 216(b) and for class certification pursuant to Fed. R. Civ. P. 23 [55] is granted in part, denied in part.

## STATEMENT

Plaintiff Aureliano Torres worked for defendant Nation One Landscaping, Inc., from March to November 2011, and has filed suit alleging violations of: the Fair Labor Standards Act and the Illinois Minimum Wage Law based on the failure to pay time-and-a-half for overtime worked (Counts I and II); the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act based on Torres's earnings falling below the minimum wage because he was not paid for all time actually worked (Counts III and IV); and the Illinois Wage Payment and Collection Act based on unauthorized deductions taken out of his paycheck for the cost of his uniform (Count V). Torres and his counsel seek to pursue all five claims as representatives of a class of all Nation One employees.

Count I is a claim under the FLSA, 29 U.S.C. § 201, *et seq*. An FLSA collective action requires an "opt-in" process, whereas in a Rule 23 class action, class members are covered by the suit unless they opt out. Although these two types of actions may ultimately be governed by equivalent standards, *see Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771–772 (7th Cir. 2013), this case is at a stage where the difference matters. To justify notice to potential opt-ins of an FLSA collective action—which is all plaintiff seeks in the present motion—he need only make a modest factual showing sufficient to demonstrate that he and similarly situated others were victims of a common policy or plan that violated the law. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). To obtain class certification of his other

claims, plaintiff must prove by a preponderance of the evidence that each requirement of Rule 23 has been met. *Messner v. Northshore University HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012).

*Count I – FLSA Collective Action*

Torres testified by declaration that when he worked over 40 hours in a week, he received two checks, one payroll check for 40 hours and a second check for overtime hours paid at his regular rate (i.e., not time-and-a-half). [56-2] ¶ 10. Torres also said that he worked from 6:40 a.m. to 5:15 or 6:30 p.m. (depending on the landscaping season), Monday through Friday, and from 6:40 a.m. to 4:00 p.m. two Saturdays per month. [56-2] ¶¶ 6–8. Plaintiff has also submitted evidence that other Nation One employees were not paid time-and-a-half for overtime. The Illinois Department of Labor found that Nation One failed to pay certain employees overtime, [56-4]; there are records of separate "overtime checks" issued to employees, [56-5]; there are records showing payments made at regular pay rates for more than 40 hours of work, [56-6]; and there are records showing more than 40 hours worked during periods when payroll records indicate payment for 40 hours, [56-8]. This is sufficient to suggest that a policy was in place to not pay time-and-a-half for overtime.

Defendant does not contest this factual showing, but argues that the requested class is too broad. Defendant notes that some employees have been made whole by compliance with the IDOL audit findings, and the time period for the proposed opt-in notice (employees who worked for Nation One from December 5, 2009, to the present) stretches too far back. That some employees have been paid after-the-fact is not a reason to forgo a collective action notice. After opt-ins have been received, the court will assess whether they are similarly situated to plaintiff's claims. At the second stage of collective action review, I will decide whether to dismiss certain opt-in claims.

Defendant is correct, however, that there is no reason to reach back prior to 2011 to identify potential class members. Plaintiff has offered no evidence that any such employees exist, and acknowledged (in open court on 08/04/14) that there were no employees for the company prior to 2011. *See also* [56-13] at 10 (owner testifying that company was just him and "maybe two guys" in 2010). Therefore, neither the FLSA collective action nor any Rule 23 class shall be defined to include individuals employed prior to 2011.

Plaintiff requests that notice to potential opt-ins be made by posting signs at Nation One's office and job sites as well as by placing a notice in payroll envelopes for one pay period. The argument for additional means of notice is that defendant may be withholding information about employees' addresses. Perhaps defendant has not

maintained thorough records, but plaintiff has not demonstrated that identifying employees and addresses is unusually difficult here—plaintiff's argument is largely conclusory and unpersuasive. Therefore, notice shall go out via first class mail to all persons employed by Nation One at any time from 2011 to the present. If, in preparing for mailed notice, plaintiff develops facts to support alternative notice as an effective means of communicating to the class, plaintiff may file an appropriate motion. The proposed notice, consent form, and envelope, [56-15, 56-16, 56-17], are adequate and hereby approved. (Defendant submitted no objections to these notices.)

*Count II – IMWG Overtime Claim*

Count II is the state-law analog to plaintiff's FLSA claim in Count I, and plaintiff seeks to certify a class pursuant to Rule 23(a) and (b)(3).

Plaintiff has established by a preponderance of the evidence that the class of individuals employed by Nation One from 2011 to the present likely includes more individuals than could practically be joined in a single suit. For example, the IDOL identified over 40 individuals who were owed overtime wages during its audit for the 2012-2013 time period. [56-4]. Plaintiff has also established that there is at least one common question of fact to all potential class members in this claim—namely, whether Nation One failed to pay time-and-a-half for overtime. Plaintiff Torres's claim is typical in that he has alleged that he suffered the same injury by virtue of a company-wide policy to not pay overtime wages appropriately. I find that Torres is an adequate representative for the class, in that he has no antagonistic or conflicting claims as compared to the potential class, he is clearly interested in pursuing a class-favorable outcome with vigorous advocacy, and his counsel is experienced and generally able to conduct litigation on behalf of a class. *See* [56] at 18 & n. 8 (listing cases in which plaintiff's counsel has been designated class counsel).

Defendant has little to say about the plaintiff's Rule 23(a) showing, but does argue that individualized determinations will predominate the case. With respect to the overtime claim in Count II, I find that the question of whether Nation One regularly paid overtime at a regular rate, as opposed to time-and-a-half, represents a significant aspect of the case and the same evidence will provide an answer to that question across employees. Individualized monetary claims can exist within a 23(b)(3) class. *Messner*, 669 F.3d at 815. Here, the individualized determination as to the amount of overtime due will not overtake the threshold question of whether a policy existed to not pay the correct rate. I also find that the class action is superior to other methods for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The individual overtime claims, as evidenced by the IDOL audit, can be small, and therefore unlikely to be adjudicated on an individual basis. The prospect of no adjudication is inferior to the class action alternative.

*Count V – IWPCA Claim for Unauthorized Deductions*

In Count V, plaintiff alleges that Nation One took unauthorized deductions from his paycheck to pay for the costs of a uniform. I find that plaintiff has met his burden to establish the propriety of a class action for this claim, for reasons similar to the overtime claim in Count II. The class is numerous, as every employee appears to have been subject to automatic deductions for the uniforms, and a common question predominates—namely, whether the deductions were authorized or not. It appears that an Employee Policy Manual disclosed the deductions and employees signed the manual. The issue of whether the deductions were lawful is amenable to resolution across employees, and again, while there may be individualized questions of damages, that alone does not defeat certification under Rule 23(b)(3). Plaintiff is a typical and adequate representative for this claim, and class counsel is also adequate. A class action is a superior method for adjudicating this claim because the individual uniform deductions are quite small and not likely to be adjudicated absent a class procedure.

*Counts III and IV – Unpaid Wage Claims*

Plaintiff has not, however, met his burden to justify a class action for the wage claims asserted in Counts III and IV. In these claims, plaintiff alleges that his wages fell below the minimum wage (Count III) and that he was not paid (Count IV) because of work that went uncompensated. Plaintiff testified that his lunch was interrupted by work assignments, he was not paid for preparatory work when he arrived early as directed (loading tools and materials), and he was not paid for work at the end of the day after clocking out (unloading tools and materials). While all employees appear to have been subject to a lunch deduction and a request to arrive a few minutes before start time, that evidence is not sufficient to establish commonality. There may be common questions—e.g., was preparatory work performed—but a class proceeding must "generate common *answers* apt to generate the resolution of the litigation." *Wal-Mart Stores v. Dukes*, 131 S.Ct. 2541, 2551 (2011). I find that plaintiff has not demonstrated that such common answers exist or, more importantly, predominate. Absent systemic proof of work performed before clocking in, after clocking out, or during lunch (proof that plaintiff has not mustered by a preponderance of the evidence), these claims are unique to the individual employee.[*]

---

[*] Plaintiff's declaration, in which he states that he observed other employees doing preparatory work and unloading work, is not sufficient. The affidavit is bereft of detail and I cannot conclude from plaintiff's limited observation that it reflects a common pattern that stretches throughout the class period (which post-dates plaintiff's employment).

*Conclusion*

Plaintiff's motion to authorize notice pursuant to 29 U.S.C. § 216(b) and for class certification pursuant to Fed. R. Civ. P. 23 [55] is granted in part, denied in part.

Section 216(b) notice shall go out via first class mail to all persons employed by Nation One at any time from 2011 to the present. The proposed notice, consent form, and envelope, [56-15, 56-16, 56-17], are hereby approved.

With respect to Counts II and V, this matter is certified as a class action under Rule 23(b)(3). The class is defined as follows: All individuals employed by Nation One Landscaping, Inc., at any time from 2011 to the present who worked overtime or who had deductions taken for the cost of uniforms.

Plaintiff Aureliano Torres is named to represent the class and attorneys Christopher J. Williams and Alvar Ayala are appointed to represent the class.

The type, content and manner of notice to the class will be determined at the next status hearing on November 3, 2014.

Counts III and IV will proceed as individual claims by plaintiff Torres.

ENTER:

Date:   10/21/14

_____
Manish S. Shah
U.S. District Judge