UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AURELIANO TORRES, on behalf of himself and other similarly situated persons, known and unknown, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | Case No. 1:12-cv-09723 |
| NATION ONE LANDSCAPING, INC. and BRIAN EMMICK, | ) ) ) | Judge Manish S. Shah Magistrate Judge M. David Weisman |
| *Defendants.* | ) ) | |

## MEMORANDUM OPINION AND ORDER

This class action stems from Defendant Nation One Landscaping, Inc.'s ("**Nation One**") and Defendant Brian Emmick's ("**Emmick**," and together with Nation One, "**Defendants**") failure to properly compensate Nation One's employees under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("**FLSA**"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("**IMWL**"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("**IWPCA**"). Throughout the course of this litigation, Defendants have exhibited a lack of respect for the discovery process and an unwillingness to comply with court-imposed deadlines. Consequently, Plaintiff has been forced to file six motions to compel the production of information necessary to move the matter forward, the latest three of which were filed before this Court. (*See* ECF Nos. 36, 47, 100, 150, 156, and 161.)[1] On July 19, 2017, this Court granted

---

[1] It should also be noted that Plaintiff filed two Rules to Show Cause following Defendants' failure to obey the District Court's discovery orders. (*See* ECF Nos. 107, 111.) Defendants' disregard for court-imposed discovery deadlines prompted Judge Shah to note on February 26, 2016 that Defendants and Defendants' counsel "appear to be in contempt of the rule to show cause order issued." (ECF No. 114.) Judge Shah further found that Defendants "exhibited recklessness in failing to properly safeguard documents known to contain materials relevant to ongoing

Plaintiff's most recent motion to compel and requested that Plaintiff submit an affidavit explaining the breakdown of expenses incurred in filing the six motions. (*See* ECF Nos. 163, 164.) After considering Plaintiff's affidavit in conjunction with Defendants' pattern of delay and noncompliance throughout the discovery process, the Court orders Defendants to pay Plaintiff $4,323.11 – the amount of reasonable fees and costs incurred in bringing the three latest motions to compel.[2]

## I. Background

Plaintiff filed the instant class action lawsuit based on Defendants' (1) violation of the FLSA and IMWL for failure to pay overtime wages to Plaintiff and other similarly situated employees (Counts I and II, respectively), (2) violation of the IMWL for failure to pay Plaintiff the state-mandated minimum wage (Count III), (3) violation of the IWPCA for failure to pay all earned wages to Plaintiff (Count IV), and (4) violation of the IWPCA for unauthorized deductions from Plaintiff and all other similarly situated employees' wages (Count V). (*See* First Amended Complaint, ECF No. 105.) On December 5, 2016, the District Court granted Plaintiff's motion for summary judgment as to Defendants' liability under Counts I through V, denying only Plaintiff's theory on how to calculate damages under the IMWL for absent class members. (*See* Judge Shah's Memorandum Opinion and Order, ECF No. 138.)

The matter was subsequently referred to this Court for the purpose of settlement. (*See* ECF No. 141.) On March 20, 2017, the Court held a settlement conference where Defendant failed to appear, rendering the negotiation much less productive than it could have been. At the conference, Defendants' counsel argued that Defendants lacked the ability to pay a class-wide

---

discovery" and therefore prohibited Defendants from relying on documents not produced to Plaintiff. (ECF No. 116.)

[2] At this time, the Court will not rule on whether Plaintiff may recover expenses for the first three motions to compel filed before Judge Shah. (*See* ECF Nos. 36, 47, 100.)

settlement amount. (*Cf.* Fed. R. Evid. 408(b) (acknowledging the court may consider statements made during negotiations for certain purposes).) To facilitate an evaluation of Defendants' financial position, the Court ordered Defendants to produce the following documents to Plaintiff's counsel by March 31, 2017: (1) Defendants' 2016 monthly bank statements; (2) January bank statements for Defendants from 2010 to 2015; (3) Nation One's most current end-of-year balance sheet; and (4) a list of Emmick's assets as of December 31, 2016. (*See* 3-20-17 Minute Entry ("**March Order**"), ECF No. 144.) The Court also directed the parties to exchange additional discovery documents by May 19, 2017 and granted Plaintiff permission to interview Defendants' accountant (who Plaintiff later learned is actually Defendants' tax preparer). (*See* 4-28-17 Minute Entry ("**April Order**"), ECF No. 148.) In light of Defendants' claimed financial distress, Judge Shah expanded the scope of the referral to include "all evidentiary hearings necessary to evaluate defendant's ability to pay a reasonable settlement amount." (*See* ECF No. 152.) Defendants' recalcitrance following the initial settlement conference required Plaintiff to file three separate motions to compel, discussed further below.

## II. Discussion

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, the Court must order the nonmoving party to pay the movant's reasonable expenses incurred in making the motion. The nonmovant can avoid the payment of fees only if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The test for substantial justification as it applies to Rule 37(a) is whether there is a "'genuine dispute.'" *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). If a motion

to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). As the Seventh Circuit observed, Rule 37 "presumptively requires every loser to make good the victor's costs." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). The burden is on the "losing party to avoid assessment of expenses and fees, rather than on the winning party to obtain such an award." *Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 1999 WL 446691, at *1 (N.D. Ill. June 23, 1999); *see also Lorillard Tobacco Co. v. Elston Self Serv. v. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009) (noting that "the burden is on Defendants to prove that one of Rule 37's exceptions applies").

## A.    Plaintiff's First Motion to Compel Post-Judgment

Plaintiff filed his first motion to compel before this Court (and fourth in the overall litigation of this case) on May 17, 2017 for Defendants' failure to (i) produce outstanding documents regarding Defendants' alleged inability to pay a settlement amount and (ii) identify the availability of an accountant for an interview pursuant to the Court's April Order. (*See* 5-17-17 Motion to Compel, ECF No. 150, at p. 1.) Following the settlement conference on March 20, 2017, Defendants made an incomplete production that called into question Defendants' alleged financial hardship. (*Id.* at p. 2.) Among other deficiencies, Defendants' production did not include a list of Emmick's assets or his January 2010, January 2011, and January 2012 bank statements in violation of the Court's March Order or certain financial documents necessary to evaluate Defendants' ability to pay. Additionally, Defendants refused to cooperate with Plaintiff in selecting a date for Defendants' accountant's interview. (*Id.* at p. 3.)

Defendants did not and have not provided a substantial justification for failing to produce the requested information. During oral argument on the motion, Defendants' counsel claimed

4

that Emmick has no other assets besides those contained in bank accounts and that he turned over all available bank statements. To the Court's dissatisfaction, counsel was unable to confirm the universe of Emmick's available assets, even though the lawsuit was filed in 2012 and Defendants themselves have placed their financial health at issue in this matter.

In lieu of granting the motion, the Court ordered Emmick to testify at an evidentiary hearing regarding Defendants' claimed inability to pay and allowed for Defendants' accountant to be questioned. The Court also clarified that Plaintiff could request certain financial records through a subpoena to Emmick and the accountant. (*See* 5-25-17 Minute Entry ("**May Order**"), ECF No. 153.) Thus, while the motion was technically denied, the substance of the relief Plaintiff sought was granted through other means, including an evidentiary hearing and issuance of subpoenas.

**B.      Plaintiff's Second Motion to Compel Post-Judgment**

Defendants' continued delay and incomplete productions forced Plaintiff to file yet another motion to compel two months later. (*See* 6-20-17 Motion to Compel, ECF No. 156.) In the motion, Plaintiff asked the Court to, among other things, (i) order Defendants and Defendants' tax preparer to produce all documents identified in Plaintiff's June 5, 2017 subpoena and rider, including all bank statements and cancelled checks for each bank account owned or for Defendants' benefit within the last four years, and (ii) order Defendants to pay Plaintiff's reasonable attorneys' fees and costs associated with bringing the motion. (*Id.* at p. 1.) Although the Court had ordered Defendants to produce documents regarding Defendants' purported inability to pay on three occasions (*see* March Order, April Order, and May Order), Defendants still failed to turn over all of the requested documents at the June 19, 2017 evidentiary hearing.

During oral argument on the motion, Defense counsel asserted that Nation One does not retain copies of check images attached to bank statements, and that acquiring such images from First Midwest Bank would be burdensome and involve unreasonable costs. Counsel therefore deemed the check images to be inaccessible, especially for a company struggling financially. Recognizing the need for Plaintiff to obtain key financial documents, however, the Court granted the motion as to Plaintiff's requests for the following: (i) cancelled checks from 2014 and 2015, (ii) particularly relevant checks for 2016 and 2017, and (iii) a representative sample of bank statements for accounts closed after 2014, and bank statements from 2016 and 2017. (*See* ECF No. 159.) The Court also took Plaintiff's request for costs under advisement. (*Id.*)

## C.     Plaintiff's Third Motion to Compel Post-Judgment

Finally, Plaintiff filed his third motion to compel before this Court (and sixth overall in the litigation) on July 14, 2017 after Defendants yet again failed to produce documents responsive to Plaintiff's requests.[3] (*See* 7-14-17 Motion to Compel, ECF No. 161.) To adequately prepare for the continued evidentiary hearing set for July 28, 2017, Plaintiff sought the production of all statements for Defendants' Chase savings account for the last four years, information regarding the cost of images of the requested cancelled checks, and sanctions. (*Id.* at p. 1.) Defendants argued that they had produced a substantial amount of documents, but also acknowledged there were gaps in the production. Defense counsel attributed the incomplete production to the delay in receiving certain records from various banks and the difficulty coordinating people to locate the correct documents – arguments that would have been more persuasive had many of the documents not been requested nearly four months earlier.

---

[3] Although the document is entitled "Plaintiff's Fourth Motion to Compel Defendants to Produce Documents," Plaintiff's counsel acknowledged the inadvertent mislabeling. (Dkt. 164 at p. 3 n.1.) It was actually Plaintiff's sixth motion to compel during this litigation.

The Court granted Plaintiff's motion and ordered Defendants to produce (1) all responsive Chase saving account statements, (2) copies of the 240 check images previously identified by Plaintiff and in possession of Defendants, and (3) all documentation related to 20 transactions (to be identified by Plaintiff) from each of the two First Midwest Bank accounts controlled by Defendants. (*See* ECF No. 163.) Additionally, the Court instructed Plaintiff to file an affidavit listing a breakdown of the fees and costs to file all six of his motions to compel. (*Id.*)

## D.     Calculation of Fees

Pursuant to Rule 37(a)(5), Plaintiff is entitled to reasonable expenses, including attorneys' fees and costs, for each of the three motions to compel brought before this Court. For the first and second post-judgment motions to compel which resulted in Plaintiff receiving a significant amount of his requested relief, the Court will exercise its discretion in apportioning reasonable expenses under Rule 37(a)(5)(C). Additionally, in light of Rule 37(a)(5)(A)'s mandate, the Court will award reasonable expenses for the final motion to compel which was granted in its entirety because Defendants failed to show that any of the exceptions in Rule 37(a)(5) apply to justify non-payment.[4] Plaintiff attempted in good faith to obtain information over the course of many months to evaluate Defendants' financial health and alleged inability to pay (which Defendants have obfuscated throughout even though they have the burden of proving such financial distress). The many excuses raised by Defendants concerning the delays and gaps in production were neither acceptable nor substantially justified. Finally, there are no circumstances that would make an award of expenses unjust.

---

[4] Indeed, Defendants' response does not substantively address the merits of Plaintiff's request for relief (except for the May 17, 2017 motion to compel). (Dkt. 165.) Rather, Defendants limit their arguments to the reasonableness of fees and costs asserted by Plaintiff. We address those arguments *infra*.

Case: 1:12-cv-09723 Document #: 174 Filed: 11/13/17 Page 8 of 10 PageID #:1250


### 1.    Fees and Costs for Plaintiff's First Motion to Compel Post-Judgment

Plaintiff requests $1,255.00 in attorneys' fees for bringing his first post-judgment motion to compel on May 17, 2017. (*See* ECF Nos. 150, 164.) While the Court finds this amount reasonable, the Court did not grant the motion but chose to provide other relief. One could consider the relief provided "partial" as the Court's remedy allowed Plaintiff to gather information sought but in a different manner than Plaintiff requested. We therefore reduce the costs by 50% to $627.50.[5]

### 2.    Fees and Costs for Plaintiff's Second Motion to Compel Post-Judgment

Plaintiff seeks $1,950.00 in attorneys' fees for filing his second post-judgment motion to compel on June 19, 2017, which includes $825.00 for consulting with a CPA. (*See* ECF Nos. 156, 164.) The Court agrees with Defendants that the cost of the CPA should be deducted from the total amount sought because the CPA was not essential to the preparation and filing of the motion to compel. It is very likely that Plaintiff would have hired the CPA even if the motion to compel had not been filed to assist with the evidentiary hearings and litigation strategy overall. Although the CPA may have offered his expertise during the preparation of the motion, that alone does not justify an award of costs when the value of the CPA has been or will be realized elsewhere in the litigation. As such, the Court orders Defendants to pay Plaintiff $1,125.00 ($1,950.00 - $825.00 = $1,125.00) for the fees and costs incurred filing the second motion to

---

[5] Defendants complain that Plaintiff was represented by two attorneys at the hearing. (Dkt. 165 at ¶ 22.) We do not find this allocation of resources unreasonable. By this juncture, the litigation's challenges and hurdles (all created by Defendants) were obvious. If Plaintiff chose to use the resources of two attorneys as opposed to one to prepare and argue the motion, such a decision was reasonable under the circumstances. While a phalanx of attorneys appearing in court may have been overkill, two counsel (of varying degrees of experience) was not. Similarly, Defendants' objection to time spent is also without merit.

compel. We find Defendants' objection to the amount of time spent (one hour more than an earlier motion to compel) without merit.

### 3. Fees and Costs for Plaintiff's Third Motion to Compel Post-Judgment

Plaintiff also requests $2,272.50 in attorneys' fees for filing his third post-judgment motion to compel on July 14, 2017, which includes $600.00 for consulting with a CPA. (*See* ECF Nos. 161, 164.) For the reasons stated above, the Court agrees with Defendants that the cost of the CPA should be deducted from the total amount sought. Accordingly, the Court orders Defendants to pay Plaintiff $1,672.50 ($2,272.50 - $600.00 = $1,672.50) for the fees and costs incurred bringing the most recent motion to compel.[6]

### 4. Additional Costs Related to Plaintiff's Motions to Compel

On October 20, 2017, Plaintiff submitted a Status Report on Additional Costs Related to Plaintiff's Sanction Motion. (Dkt. 171.) In addition to the fees and costs discussed above, Plaintiff seeks $898.11 for the cost of copying bank records from First Midwest Bank, PNC Bank, and Chase Bank. The bank records concern multiple accounts of Defendants, related company Nation One Snow & Ice, Inc. and the President of both companies, Elizabeth Emmick. The Court finds this additional amount associated with Plaintiff's motions to compel reasonable and orders Defendants to pay Plaintiff $898.11 for the supplemental costs incurred.

### III. Conclusion

Defendants have repeatedly failed to comply with Plaintiff's discovery requests and the Court's orders. Following Defendants' assertion regarding an alleged inability to pay a class-wide settlement amount, Plaintiff required certain information to conduct a thorough investigation of Defendants' financial condition, but Defendants stonewalled at every turn. In

---

[6] For the reasons previously stated (*see* n.5, *supra*), we do not believe staffing the motion hearing with two attorneys was unreasonable.

the face of Plaintiff's continuous efforts to move the case forward, Defendants delayed, turned over incomplete productions, offered inadequate excuses for failing to comply with clear Court orders, and were far from forthcoming about the universe of responsive documents. All of this despite the fact that Defendants have asked the Court to rely on their stated financial position and have the burden of proving their financial distress. Accordingly, pursuant to Rules 37(a)(5)(A) and (C), Defendants must pay Plaintiff $4,323.11 for the fees and costs incurred in bringing the three motions to compel before this Court.

**SO ORDERED.**

**Date: 11/13/17**

**ENTERED:**

_M. David Weisman_

_____

**M. David Weisman**
**United States Magistrate Judge**

10